IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| GORDON, CHERYL, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) Civil Action No. 7:16-cv-00152 ) |
| ANTHEM SHORT TERM DISABILITY PLAN, (*f/k/a* WellPoint Short Term Disability Plan) | ) ) ) |
| THE ANTHEM COMPANIES, INC., (*f/k/a* The WellPoint Companies, Inc.) | ) ) ) |
| and | ) ) |
| ANTHEM FLEXIBLE BENEFIT PLAN, | ) ) |
| Defendants. | ) |

## AMENDED COMPLAINT

NOW COMES Cheryl Gordon, by counsel, and moves for judgment against Anthem Short Term Disability Plan, The Anthem Companies, Inc., and Anthem Flexible Benefit Plan to recover short-term and long-term disability benefits, in accordance with the Employee Retirement Income Security Act (ERISA) and/or the laws of the Commonwealth of Virginia. In support of hereof Ms. Gordon states the following:

VENUE AND JURISDICTION

1. The Court has jurisdiction to hear this matter pursuant to 29 U.S.C. § 1132, and 28 U.S.C. § 1331.

2. Plaintiff requests that the Court exercise supplemental jurisdiction over the state/common law claims pursuant to 28 U.S.C. § 1367.

3.  Plaintiff has exhausted all applicable administrative remedies pertaining to these matters prior to filing this suit.

4.  Venue is proper in the Roanoke Division of the Western District of Virginia pursuant to 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(b)(2).

## FACTS

1.  The Anthem Companies, Inc. (or its predecessor(s)) (*hereinafter* "Anthem") has employed Plaintiff Cheryl Gordon since April 1974. At all times relevant hereto, Anthem employed Plaintiff as a Business Analyst III in Roanoke, Virginia.

2.  Anthem offered to Plaintiff as a benefit of employment short-term and long-term disability benefits:

    a.  Defendant Anthem Short Term Disability Plan (*hereinafter*, the "STD Plan") provided short-term disability benefits as a pay practice; Anthem's general assets is the source of benefits payable under the plan, and

    b.  Defendant Anthem Flexible Benefit Plan (hereinafter, the "Flexible Benefit Plan") affords Anthem employees long-term disability benefits.

3.  As a payroll practice the STD Plan is not subject to ERISA, pursuant to 29 CFR 2510.3-1(b)(2); or in the alternative, the STD Plan is subject to ERISA.

4.  The Flexible Benefit Plan is subject to ERISA.

5.  At all times relevant herein Ms. Gordon was a full-time employee of Anthem scheduled to work at least 33 hours per week; having worked at least 181 days for Anthem; and having suffered from a non-work related medical or behavioral health condition that constitutes a short term disability under the STD Plan.

6. Upon qualifying for benefits under the STD Plan an employee, such as Ms. Gordon, is to receive 66⅔ of her weekly base pay.

7. Anthem's Leave of Absence Department (hereinafter the "LOA Dept.") administers the STD Plan.

8. Benefits paid under the STD Plan come from Anthem's general assets: accordingly, Anthem had and has an interest in denying benefits under the Anthem STD Plan.

9. Anthem Life Insurance Company ("Anthem LIC") administers the Flexible Benefit Plan, Group Policy No. C00415.

10. ATH Holding Company, LLC is the policyholder of the Flexible Benefit Plan.

11. Ms. Gordon qualified for long-term disability benefits on the latest of 180 days after her disability began, or the last day she was eligible for short-term disability benefits.

12. Anthem and WellPoint are one in the same company, having merged in 2004, and known now by the Anthem moniker.

13. Accordingly, Anthem had and has an interest in denying benefits under the Flexible Benefit Plan.

14. In exchange for Gordon's qualifying employment Anthem afforded short-term disability coverage for Gordon under terms set forth in the STD Plan: the STD Plan is a valid and enforceable contract between Anthem and Gordon (and other Anthem employees).

15. On or about October 24, 2013 Gordon became disabled from her occupation with Anthem due to lumbar degenerative disc disease, degenerative scoliosis, lumbar stenosis, inability to think clearly, inability to focus and to concentrate on tasks, lack of mental stamina, being easily overwhelmed, and a lack of energy necessary to perform the essential duties of her position.

16. Ms. Gordon's job description requires constant keyboard entry, sitting, and concentration over an eight (8) hour shift.

17. Ms. Gordon's attending physician, Joanathan Carmouche, MD, has opined that Ms. Gordon could not sit or stand for extended periods of time.

18. Dr. Carmouche, a spinal surgeon, observed degenerative changes to Ms. Gordon's spine on an X-ray;

19. Ms. Gordon has been diagnosed with severe lumbar degeneration constituting a permanent impairment.

20. Another of Ms. Gordon's treating physicians, Cyrus E. Bakhit, MD, has opined that because of her conditions Ms. Gordon is "unable to stand, sit or lay for long periods of time and due to this patient is unable to work."

21. Ms. Gordon is in constant back pain, and the medications prescribed to alleviate that pain substantially reduce her ability to concentrate and stay awake.

22. Drs. Bakhit and Jonathan Carmouche have opined that Plaintiff was and is unable to return to work due to her disability.

23. Gordon qualifies to receive benefits under the STD Pan and the Flexible Benefit Plan.

24. Gordon applied for short-term disability benefits as a result of her disability, to include providing to the LOA Dept. her relevant medical records, or ensuring that the LOA Dept. received her relevant medical records.

25. The LOA Dept. denied Plaintiff's application for short-term disability benefits.

26. After the denial Plaintiff appealed the denial through the STD Plan procedure, but the LOA Dept. never awarded Plaintiff short-term disability benefits: Plaintiff exhausted her administrative remedies in pursuant of short-term disability benefits.

27. When Plaintiff became eligible for long-term disability benefits she applied for those benefits.

28. Plaintiff provided to Anthem LIC or ensured that Anthem LIC received her relevant medical records for its consideration in her application for long-term disability benefits.

29. Anthem LIC denied Ms. Gordon's application for long-term disability benefits.

30. After the denial Plaintiff appealed the denial through the Flexible Benefit Plan procedure, but Anthem LIC never awarded Plaintiff long-term disability benefits: Plaintiff exhausted her administrative remedies in pursuant of long-term disability benefits.

31. Despite being denied short-term and long-term disability benefits Ms. Gordon qualified for Social Security Disability benefits in March 2014, with an effective

date of October 24, 2013, *i.e.,* the same date from which she sought short-term and long-term disability benefits.

32. Despite denying her short-term disability benefits, Anthem approved Ms. Gordon for leave under the Family and Medical Leave Act from October 24, 2013 through January 15, 2014.

33. The LOA Dept. failed to adjudicate Ms. Gordon's second level appeal regarding her STD benefits within the 45 days required by the STD Plan:

    a. On March 18, 2014, Ms. Gordon submitted her second level appeal, which the LOA Dept. acknowledged on March 19, 2014;

    b. The LOA Dept. did not issue a decision on Ms. Gordon's second level appeal until May 5, 2014.

34. On April 7, 2014, Ms. Gordon received a letter dated March 31, 2014 from Patrick Quirk, her manager at Anthem, stating that she was deemed to have resigned her position, effective April 4, 2014, for "fail[ing] to call in for three (3) day consecutive work days," and she was ineligible for re-hire.

35. Ms. Gordon exhausted her administrative remedies on January 28, 2014, when Anthem LIC denied her last appeal seeking long-term disability benefits.

## COUNT I
### VIOLATION OF ERISA BY ANTHEM SHORT TERM DISABILITY PLAN

36. The previous paragraphs are incorporated and re-alleged as if fully set forth herein.

37. Ms. Gordon was a participant in the STD Plan who qualified to receive short-term and long-term disability benefits.

38. The STD Plan arbitrarily and capriciously refused to grant Gordon benefits under the Plan.

39. This Defendant's actions in denying short-term benefits to Cheryl Gordon violate ERISA.

40. As a result of these violations Gordon has been denied short-term disability benefits.

WHEREFORE, Cheryl Gordon hereby demands judgment against Anthem Short Term Disability Plan for the value of her short-term disability benefits denied as set forth herein, interest from October 24, 2013, her costs and attorney's fees, expert witness fees, and for such other relief and compensation as may be available by law, and for such other relief and the Court may deem necessary and appropriate.

COUNT II
VIOLATION OF ERISA AGAINST ANTHEM FLEXIBLE BENEFIT PLAN

1. The previous paragraphs are incorporated and re-alleged as if fully set forth herein.

2. Ms. Gordon was a participant in the Flexible Benefit Plan who qualified to receive long-term disability benefits.

3. The Flexible Benefit Plan arbitrarily and capriciously refused to grant Gordon benefits under the Plan.

4. This Defendant's actions in denying long-term disability benefits to Cheryl Gordon violate ERISA.

5. As a result of these violations Gordon has been denied long-term disability benefits.

WHEREFORE, Cheryl Gordon hereby demands judgment against the Anthem Flexible Benefit Plan for the value of her long-term disability benefits denied as set forth herein, interest from October 24, 2013, her costs and attorney's fees, expert witness fees, and for such other relief and compensation as may be available by law, and for such other relief and the Court may deem necessary and appropriate.

## COUNT III
### BREACH OF CONTRACT AGAINST THE ANTHEM COMPANIES, INC.

6. The previous paragraphs are incorporated and re-alleged as if fully set forth herein.

7. Gordon and Anthem had a contract by which Anthem would provide short-term disability benefits to Gordon upon the occurrence of a qualifying event or condition.

8. This contract was in the form of a payroll practice by WellPoint, and therefore the provision of short-term disability benefits is not subject to ERISA, pursuant to 29 CFR 2510.3-1(b)(2).

9. Gordon qualified for and made application to obtain short-term disability benefits from Anthem.

10. Anthem refused and failed to provide short-term disability benefits to Gordon.

11. Anthem breached its contract with Gordon by denying her short-term disability benefits.

12. Furthermore, the LOA Dept., *i.e.,* the plan administrator, was required to review appeals and notify the applicant of a decision in writing within 45 calendar days of receipt of the appeal.

13. The administrator failed to provide notice within this allotted time and, therefore, Anthem should not be permitted to deny Gordon benefits due to its failure to comply with its procedure.

14. As a result of Anthem's breach(es), Gordon has been denied benefits under the WellPoint STD Plan.

WHEREFORE, Cheryl Gordon hereby demands judgment against Anthem for the value of her short-term disability benefits lost, interest thereon from October 24, 2013, and for such other relief as the Court may deem necessary and appropriate.

## DEMAND FOR JURY TRIAL

Cheryl Gordon demands trial by jury to the extent permitted by law.

Respectfully submitted,
CHERYL D. GORDON

*s/Melvin E. Williams*
Of Counsel

Melvin E. Williams (VSB No. 43305)
MEL WILLIAMS PLC
1320 Third Street, SW
Roanoke, Virginia 24016
(540) 266-7800
(540) 206-3857 *facsimile*
mel@melwilliamslaw.com
   Counsel for Cheryl Gordon

## CERTIFICATE OF SERVICE

On this 13th day of May 2016 the foregoing pleading was filed using the Court's CM/ECF system, which will send electronic notification to counsel of record.

*s/ Melvin E. Williams*